**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Catlin Kentta**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Alpha Dog Enterprises, LLC**, an Arizona limited liability company, **Boggs Enterprises, LLC**, an Arizona limited liability company, and **Matt Boggs and Jane Doe Boggs**, an married couple, | |
| Defendants. | |

Plaintiff, Catlin Kentta ("Plaintiff"), sues the Defendants, Alpha Dog Enterprises, LLC, Boggs Enterprises, LLC, and Matt Boggs and Jane Doe Boggs (collectively, "Defendants") and alleges as follows:

## **PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S.

-1-

728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

5.      At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

6.      At all material times, Defendant Alpha Dog Enterprises, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Alpha Dog Enterprises, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-2-

7. Defendant Alpha Dog Enterprises, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

8. Under the FLSA, Defendant Alpha Dog Enterprises, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Alpha Dog Enterprises, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Alpha Dog Enterprises, LLC is subject to liability under the FLSA.

9. At all material times, Defendant Boggs Enterprises, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Boggs Enterprises, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

10. Defendant Boggs Enterprises, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

11. Under the FLSA, Defendant Boggs Enterprises, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of

-3-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

an employer in relation to an employee. At all relevant times, Defendant Boggs Enterprises, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Boggs Enterprises, LLC is subject to liability under the FLSA.

12.     Defendants Matt Boggs and Jane Doe Boggs are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Matt Boggs and Jane Doe Boggs are owners of Defendants Alpha Dog Enterprises, LLC and Boggs Enterprises, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

13.     Under the FLSA, Defendants Matt Boggs and Jane Doe Boggs are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Matt Boggs and Jane Doe Boggs are owners of Defendants Alpha Dog Enterprises, LLC and Boggs Enterprises, LLC. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of

-4-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Defendants in relation to the company's employees, Matt Boggs and Jane Doe Boggs are subject to individual liability under the FLSA.

14.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

15.     Defendants, and each of them, are sued in both their individual and corporate capacities.

16.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

17.     At all relevant times, Plaintiff was an "employee" of Defendants Alpha Dog Enterprises, LLC, Boggs Enterprises, LLC, and Matt Boggs and Jane Doe Boggs as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

18.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Alpha Dog Enterprises, LLC, Boggs Enterprises, LLC, and Matt Boggs and Jane Doe Boggs.

19.     At all relevant times, Defendants Alpha Dog Enterprises, LLC, Boggs Enterprises, LLC, and Matt Boggs and Jane Doe Boggs were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

20.     Defendants Alpha Dog Enterprises, LLC, Boggs Enterprises, LLC, and Matt Boggs and Jane Doe Boggs individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

-5-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

21. Plaintiff, in his work for Defendants Alpha Dog Enterprises, LLC, Boggs Enterprises, LLC, and Matt Boggs and Jane Doe Boggs, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

22. At all relevant times, Plaintiff, in his work for Defendants Alpha Dog Enterprises, LLC, Boggs Enterprises, LLC, and Matt Boggs and Jane Doe Boggs, was engaged in commerce or the production of goods for commerce.

23. At all relevant times, Plaintiff, in his work for Defendants Alpha Dog Enterprises, LLC, Boggs Enterprises, LLC, and Matt Boggs and Jane Doe Boggs, was engaged in interstate commerce.

24. Plaintiff, in his work for Defendants Alpha Dog Enterprises, LLC, Boggs Enterprises, LLC, and Matt Boggs and Jane Doe Boggs, regularly handled goods produced or transported in interstate commerce.

## **NATURE OF THE CLAIM**

25. Defendants own and/or operate as "Alpha Dog Firearms," an enterprise located in Maricopa County, Arizona.

26. Plaintiff was hired by Defendants as a General Manager and worked for Defendants between approximately July 2018 and approximately April 2019.

27. Defendants, in their sole discretion, compensated Plaintiff $12.00 per hour.

28. Plaintiff typically worked between approximately 45 and approximately 55 hours per week throughout his employment with Defendants.

29.    Defendants maintained a policy of not compensating their employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

30.    Rather than compensating Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants compensated Plaintiff his regular rate of pay for all hours worked, even hours worked in excess of 40 hours in a workweek.

31.    As a result of Defendants failing to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants failed to properly compensate Plaintiff overtime wages.

32.    As a result of Defendants failing to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants violated 29 U.S.C. § 207(a).

33.    Defendants have and continue to violate the FLSA by not paying Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

34.    Defendants knew, or should have known, that their failure to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek would violate the FLSA.  Therefore, Defendants' violation constitutes a willful violation of the FLSA.

35.    Plaintiff is a covered employee within the meaning of the FLSA.

36.    Plaintiff was a non-exempt employee.

-7-

37. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

38. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

39. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. Defendants willfully and improperly failed to compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

42. As a result, Defendants failed to pay the applicable overtime wage to Plaintiff.

43. Defendants' practice of willfully and improperly failing to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207(a).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-8-

44.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Catlin Kentta, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     Violated overtime provisions of the FLSA, 29 U.S.C. § 20y(a), by failing to pay proper overtime wages;

    ii.     Willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.     For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-9-

RESPECTFULLY SUBMITTED this 28th Day of October, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorney for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-10-